MINDART FARLEY v. CORNELIUS McINTIRE.

This court is not required nor authorized to review the proceedings of the Court of Common Pleas upon points of fact in cases removed by certiorari on appeal.

If a demand arising upon contract exceeds an hundred dollars, and yet by fair and real credits or offsets, the sum actually due is less in amount, a person may sue in the court for the trial of small causes, and state and acknowledge such credits and offsets, so as to shew that his real demand is cognizable there.

This suit was commenced in the court for the trial of small causes, and removed into the Court of Common Pleas by appeal. The judgment and proceedings of the Court of Common Pleas were removed into this court by certiorari.

*Hartwell,* and *Thomson* for plaintiff in certiorari.

*Saxton,* for defendant.

EWING, C. J. The first reason assigned for reversal is that the state of demand exceeds in amount the jurisdiction of the court for the trial of small causes where the suit was instituted.

The credits given on the face of the state of demand, whereby the debit side of the account is reduced considerably below one hundred dollars, are not a general credit "by sundries" as in *Rice* v. *Oxenius, Penn.* 660, and *Haggerty* v. *Vankirk,* 4 *Halst.* 118; but are "specifically set out," as in *Price* v. *Smock, Penn.* 206, and "shew the particulars with their dates," as in *La Rue* v. *Boughanor.* 1 *South.* 104. There is nothing on the state of demand to induce a belief that the credits are unreal, fictitious, and merely designed to give jurisdiction, as in *Souders* v. *Stratton, Penn.* 528, and *Colman* v. *Parcell, Penn.* 561. Nor is any such conclusion to be drawn from the evidence, for

thereby it appears that many of the items were actually furnished, as the plaintiff admits in his state of demand. There is therefore, in this respect, no error.

The second reason is, that the cause of action as exhibited in the state of demand, is founded on an implied contract or general *indebitatus assumpsit*, and by the evidence it appeared there was an express contract or special agreement.

If any express contract or special agreement was shewn, it was not by the plaintiff, but by the evidence of the defendant. Whether such contract was made and existed was a question of fact, and the main question, in dispute between the parties before the Court of Common Pleas. The plaintiff proved the services of his daughter and demanded a *quantum meruit*. The defendant proved as he insisted, which the plaintiff wholly denied, that there was a special agreement, upon which alone, therefore, the suit should have been founded. Now it is not until this question of fact is examined and decided, that any question of law as to the legal result can be raised. But we are not required nor authorized to review the proceedings of that court upon points of fact. If they rightly resolved the question of fact in the present instance, no doubt can exist that the law was correctly applied. The plaintiff in certiorari insists that the plaintiff below had no right to abandon the special contract and bring his action as he did. This however, can only be true, if there was a special contract, which we must suppose the court did not believe.

The third reason is, that the sum due to the plaintiff, according to the special contract, exceeds one hundred dollars, and the court should therefore have nonsuited the plaintiff.

This reason presupposes the controverted fact, the existence of the special contract, to be established, which is no where stated or admitted in the papers sent up to us. Moreover, if a demand arising upon contract, exceeds an hundred dollars, and yet by fair and real credits or offsets, the sum actually due is less in amount, a person may unquestionably sue in the court for the trial of small causes, and state and acknowledge such credits and offsets, so as to shew that his real demand is cognizable there. Such was the clear intent of the legislature when they

gave jurisdiction to that court, "where the debt, balance or other matter in dispute does not exceed the sum or value of one hundred dollars."

Their is no error apparent in these proceedings.

BY THE COURT.    Let the judgment be affirmed.

CITED in *Scott* v. *Beatty*, 3 *Zab.* 259 ; *State* v. *Mayor, &c. of City of Hudson, 3 Vroom.* 367.